410 So.2d 1082 (1982)
STATE of Louisiana
v.
Willie SIMS.
No. 81-KA-1822.
Supreme Court of Louisiana.
March 1, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Lowen B. Loftin, Dist. Atty., William R. Coenen, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Carey J. Ellis, Jr., of Ellis & Ellis, Rayville, for defendant-appellant.
CARTER, Associate Justice Ad Hoc.[*]
This appeal involves judicial review of a criminal sentence for excessiveness in accordance with Article 1, Section 20 of the Louisiana Constitution of 1974. The defendant, Willie Sims, was charged along with Michael Williams and James M. Williams with simple robbery of J. C. Wilmore on December 29, 1979, and with simple burglary of the Tip Top Bar in Rayville, Louisiana, on the same date. Defendant first entered pleas of not guilty. On November 17, 1980, the not guilty pleas were withdrawn and the defendant pled guilty to both charges. He was "Boykinized" on this *1083 date and a pre-sentence investigation was ordered.
On May 27, 1981, Defendant Sims was sentenced to five years at hard labor on each count, the sentences to run concurrent. Appellant Sims now appeals to this court alleging that the sentence is excessive, setting forth in a single specification of error that the sentence given to him was considerably in excess of sentences given to two other parties charged with the same offense. The specification of error further states that the sentence is inconsistent with the facts and circumstances applicable to the defendant.
In sentencing the defendant the trial court thoroughly reviewed the facts of the case making certain that the defendant had committed the offenses in question. It also asked defendant questions concerning his prior record of two arrests as a juvenile. Defendant served two terms at the Louisiana Training Institute for attempted arson and auto theft.[1] The trial judge, Judge John C. Morris, Jr., stated the following:
"The Court has studied the guidelines set forth in the Code of Criminal Procedure. In spite of your youth and in spite of the fact that this is your first felony offense since becoming an adult, in view of your previous record, which should have straightened you out, this Court has determined that a controlled environment, institutional care, is necessary if you are ever going to be rehabilitated and be turned into a useful citizen. I feel that your record justifies the offensejustifies the punishment that I intend to impose. I don't know of any other way to correct you. A period of probation I do not feel with your previous record would rehabilitate you, and institutional care is necessary."
The maximum sentence for simple burglary is twelve years and for simple robbery is seven years. Neither of the defendant's sentences reached the maximum. However, this court has held that the imposition of a sentence, even though within the statutory limits, may violate a defendant's right under the Louisiana Constitution against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La. 1979). The trial judge in this case articulated specific reasons for the sentence in relation to the offender and the actual offense. Although he did not list every aggravating and mitigating circumstance in Louisiana Code of Criminal Procedure Article 894.1, this procedure is not necessary if the record reflects that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Vaughn, 378 So.2d 905 (La. 1979).
The trial judge found as an aggravating factor that the defendant was in need of correctional treatment and a custodial environment. The defendant's youth and his status as a first adult offender were factors mitigating against the term of imprisonment. None of the other mitigating factors in Article 894.1 apply in defendant's case. Although the trial judge did not note each of these factors, it is not necessary that he do so. The record of the hearing establishes that he adequately covered the requirements of the Article and left a record by which this court may review the sentence for excessiveness. State v. Williams, 397 So.2d 1287 (La.1981).
Defendant contends that his sentence is excessive primarily because it exceeds the sentences imposed on two of his co-defendants by another trial judge of the same district. One co-defendant, James Williams, was sentenced before defendant was sentenced. He received a five year term of imprisonment, suspended, and was placed on active supervised probation for a period of five years. This sentence was recommended to the court by the Department of Corrections due to Mr. Williams's excellent work record and favorable pre-sentence investigation report. Michael Williams, the other co-defendant, was sentenced to serve three years' imprisonment on each offense, the sentences to run concurrent. Sims contends that since he received a five year sentence when Michael Williams received *1084 only a three year sentence, that his sentence is excessive.
The State submits that "this court cannot expect a judicial district involving several judges, all of whom understandably have different opinions concerning sentencing, to uniformly sentence several defendants in the same case." The State further submits that the lesser sentence of three years given to Michael Williams was the result of a plea bargain and that, had there been no plea bargain, Michael Williams should have been sentenced to a term at least equal to the defendant's sentence. We do not know whether Michael Williams has a prior record.
Although the court does not have before it the entire record in State v. Michael Williams and State v. James M. Williams, the information that it does have fully justifies the disparity in the sentences. Defendant Sims, with the present convictions, had a total of four convictions. Additionally, a sentence of incarceration was recommended by the Department of Corrections, and in the James Williams case, a suspended sentence was recommended. We also note that there was a plea bargain in the Michael Williams case which resulted in concurrent three year sentences. These factors are sufficient justification for the disparity in the sentence that each defendant received. This is not to say that disparity in sentences of co-defendants with similar backgrounds, charged with similar participation in identical crimes, may not be considered as a factor in determining whether a sentence is excessive and out of proportion to the severity of the crime. It is a factor that may be considered by this court, along with all other appropriate considerations, when there is no reasonable basis in the record for the disparity. A trial court has discretion in sentencing, and absent an abuse of that discretion, a sentence will not be overturned on appeal. State v. Spencer, 374 So.2d 1195 (La.1979).
As a general rule, a sentence is excessive "if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering." State v. Bonanno, 384 So.2d 355-357 (La.1980). Although defendant is a first offender as an adult, he had two previous convictions as a juvenile. His record now contains a total of four convictions, namely, Attempted Arson, Auto Theft, Simple Burglary and Simple Robbery. The offenses in the present case included kicking, beating and robbing an elderly man.[2]
There is ample justification in the record for the disparity of sentences of the co-defendants in the instant case, and we do not find the sentence to be excessive and grossly out of proportion to the severity of the crime. Under Louisiana Code of Criminal Procedure, Article 894.1 the sentence imposed upon Appellant Willie Sims was justified, especially in view of the gravity of the two felonies involving violence to person and property. The trial court properly *1085 looked to the defendant involved in these two crimes and appropriately tailored the individual sentence to the individual defendant.
Therefore, the conviction and sentence of Appellant are affirmed.
AFFIRMED.
WATSON, J., concurs in the result.
NOTES
[*] Judges Melvin A. Shortess, Burrell J. Carter and Felix H. Savoie, Jr., of the First Circuit Court of Appeal participated in this decision as Associate Justices Ad Hoc, joined by Associate Justices Dennis, Blanche, Watson and Lemmon.
[1] Pre-sentence Investigative Report Page 10
[2] There are no facts available from the transcript but from the pre-sentence investigation report it appears that on December 29, 1979, the defendant and three other men were gathered outside of a bar in Rayville, LA. J. C. Wilmore, an elderly black man, was leaving the bar at approximately 3:00 A.M. when the four men followed him and robbed him of his money. At first Wilmore pulled a knife on them and they retreated. Then, Jessie Potts, one of the co-defendants, picked up a board and struck Wilmore knocking him to the ground. The four men then beat and kicked Wilmore and grabbed his wallet which contained approximately $3.00.

After the men robbed Wilmore they went to Jessie Potts' house and while they were there, decided to return to town and get more money. They eventually gained entrance to the Tip Top Bar by ripping some boards off the building. Once inside they broke into the juke box and pool table taking an undetermined amount of money. Upon leaving the bar, the men took over 100 bottles of whiskey. Officers Lester Staten and Eddie Graham were patrolling the area at approximately 4:30 A.M. when they noticed four black males carrying boxes which appeared to be heavy. When the four burglars realized that they had been seen, they dropped the boxes and ran. Officer Staten recognized two of the subjects, Michael Williams and James Williams. These two men along with the defendant and Jessie Potts were later arrested and charged with Simple Robbery and Simple Burglary.