FORET, Judge.
Steven D. Jones was charged and convicted of one count of theft of livestock, and one count of attempted theft of livestock, violations of LSA-R.S. 14:67.1 and LSA-R.S. 14:27. The trial judge sentenced him to concurrent terms of five and three years at hard labor, respectively, and ordered him to pay fines totaling $3,000, and court costs. The trial judge proceeded to suspend the jail sentences and placed defendant on five years’ supervised probation on the condition that he serve a six-month term in the parish jail and make restitution to each victim in the amount of $300. Defendant appeals the jail sentence.
On February 7,1982, defendant, a soldier stationed at Fort Polk, and codefendant, Gary L. Maniard, shot two cows owned by local farmers. One cow was killed and the other left maimed. The defendants spirited away one of the animals from the scene of the crime, and cleaned and dressed it at defendant’s home. (Tr. 30 L.l). Both men were arrested shortly thereafter. Defendant voluntarily pleaded guilty to charges of theft and attempted theft of livestock. Co-defendant Maniard was tried before a different judge in the same judicial district, convicted of the same charges, and placed on probation without a condition that he serve time in jail.
A pre-sentence investigation of defendant revealed he had no record of prior criminal activity. However, the judge decided that incarceration was an appropriate penalty in this case. In support of his decision, he engaged in a brief discussion of the LSA-C.Cr.P. Art. 894.1(B) sentencing factors. The judge noted that defendant certainly contemplated the economic harm his act would cause the owners of the cattle, and that defendant’s act involved potential harm to himself, his codefendant, and anyone who might have chanced upon them during the commission of their offenses. The judge further stated that defendant’s act was unprovoked and unjustifiable. He dismissed the idea of simply placing defendant on probation, noting that defendant appeared to be easily influenced by others and, for this reason, could not be counted on to refrain from future criminal activity. ASSIGNMENT OF ERROR.
The defendant contends that the six-month jail sentence imposed by the trial court constitutes excessive punishment in violation of Article 1, § 20 of the 1974 Louisiana Constitution. The article proscribes against excessive sentencing and states in pertinent part:
“No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.” (Emphasis ours.)
A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider “the punishment and the crime in light of the harm to society caused by its commission and determine whether the pen *538 alty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, supra, at 358.
Sentencing guidelines, codified in LSA-C.Cr.P. Art. 894.1, must be considered by the trial judge before imposing sentence. The guidelines also provide aid to the appellate courts when reviewing claims of excessive sentence. In State v. Sepulvado, 367 So.2d 762 (La.1979), the Supreme Court stated that LSA-C.Cr.P. Art. 894.1 provides the
“... appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.” (Emphasis added.)
In reviewing a claim of excessive sentencing, we are ever mindful that the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982). The maximum penalty for theft of livestock is ten years imprisonment at hard labor and a $10,000 fine. LSA-R.S. 14:67.1. The maximum penalty for attempted theft of livestock is one year imprisonment and a $200 fine. LSA-R.S. 14:27(D)(3). Defendant’s sentence of six months in jail plus fines and supervised probation was well within the statutory limits. However, as stated in Sepulvado, length of sentence alone is not the sole indicia of excessive sentence. Recall that a prison term well within the statutory limits may be excessive if a less onerous sentencing alternative should have been imposed. Sepulvado, at 769. Defendant asserts that the fact that he was ordered to serve time in the parish jail makes his punishment excessive. He argues that the six-month jail sentence was an arbitrary decision on the part of the trial judge, totally unsupported by the probation report. He avers that the excessiveness of his sentence is underscored by the fact that his codefend-ant, who was charged with and convicted of identical offenses, was placed on probation without any special condition that he spend time in jail.
A case factually similar to the one at hand is State v. Sims, 410 So.2d 1082 (La. 1982). There, two codefendants charged with identical offenses were sentenced by different judges in the same district. Sims argued that the fact that he received a prison sentence and his codefendant did not, indicated that his sentence was excessive. The court found that Sims’ prior criminal record provided a rational basis for the trial court’s decision and therefore there was no abuse of discretion. However, in holding defendant’s sentence was not excessive they noted:
“This is not to say that disparity in sentences of codefendants with similar backgrounds, charged with similar participation in identical crimes, may not be considered as a factor in determining whether a sentence is excessive and out of proportion to the severity of the crime. It is a factor that may be considered by this court, along with all other appropriate considerations, when there is no reasonable basis in the record for the disparity. A trial judge has discretion in sentencing, and absent an abuse of that discretion, a sentence will not be overturned on appeal.” Sims, at 1084.
An inspection of the trial record reveals that although defendant had no prior criminal record, the trial judge was of the opinion that probation alone would not deter him from future criminal activity for he believed defendant to be easily influenced by others. We find that this articulation constitutes a reasonable basis for the disparity between defendant’s and codefend-ant Maniard’s sentences. The function of this Court is not to substitute its judgment for that of the trial court, but to determine whether the court below manifestly abused its discretion. State v. Douglas, 389 So.2d 1263 (La.1980). Because we do not consider a six-month jail sentence for theft and attempted theft of cattle, “shocking to our sense of justice”, we find no such abuse.
*539 Accordingly, defendant’s sentence is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.