DOMENGEAUX, Judge.
Defendant, William Lee Colter, was charged on November 7,1984, by grand jury indictment with aggravated rape in violation of La.R.S. 14:42. Pursuant to a plea bargain, the defendant withdrew a former plea of not guilty and pled guilty to the responsive plea of forcible rape. The plea bargain between the state and the defendant consisted of an agreement to cap the defendant’s potential sentence exposure so that it would not exceed 25 years in return for the defendant’s plea of guilty to forcible rape. On November 14, 1985, after ordering a pre-sentence investigation and report, the trial court sentenced the defendant to twenty-five (25) years at hard labor. The defendant seeks an appeal from the sentence.
In the written reasons for sentence the trial judge described the facts as follows:
“The facts of the case are that the defendant, who had been employed by the victim, Glinda F. Acklin, to mow her yard from time to time, entered the residence of Mrs. Acklin at night time, at a time when she was alone with her small daughter, that the defendant had a pistol, and forced Mrs. Acklin, at gunpoint, to engage in sexual intercourse with him....”
ASSIGNMENTS OF ERROR NOS. 1 AND 2
In these assignments of error the defendant alleges that the trial court erred in failing to properly apply the sentencing guidelines set forth in La.C.Cr.P. article 894.1 and in failing to state for the record the considerations taken into account and the factual basis therefor in imposing sentence on the defendant, as required by La. C.Cr.P. article 894.1. The defendant specifically argues that the trial court failed to consider mitigating factors.
The requirements of La.C.Cr.P. article 894.1 are fulfilled when the record affirmatively shows that the trial judge considered the statutory sentencing guidelines. State v. Brooks, 431 So.2d 865 (La.App. 2nd Cir.1983); State v. McDermitt, 406 So.2d 195 (La.1981); State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984). In the case before us the written reasons for sentence reveal that the trial judge did consider the statutory sentencing guidelines and stated as well the “considerations taken into account and the factual basis therefor in imposing sentence.” La.C.Cr.P. article 894.1. The written reasons for sentence provided as follows:
“The Court has given grave consideration to an appropriate sentence in this case. The Court has received numerous personal individual letters from a substantial number of citizens and residents of the small community of Fisher, all of which were favorable to defendant, and most of which urged either lenient treatment, or probation.
Despite this impressive outpouring of sympathy and concern for this young defendant, the acknowledged facts are that defendant, at gun point, forced the *825 victim to engage in sexual intercourse with him.
Louisiana Code of Criminal Procedure Article 894.1, which sets forth sentencing guidelines, provides in Paragraph A, sub-part (3) that the Court should impose a sentence of imprisonment if a lesser sentence would deprecate the seriousness of the defendant’s crime.
It is the opinion of this Court that failure to impose a prison sentence would deprecate the seriousness of the acknowledged, violent crime of Forcible Rape, at gunpoint.
Considering defendant’s youth and lack of any prior criminal record caused the Court to review Paragraph B of Article 894.1 with great particularity. Each of the 11 subparts of Paragraph B have been reviewed, and weighed. The facts completely negate subparts 1, 2, 3, 4 and 5. Subpart 6 has no applicability. Sub-part 7 is applicable for consideration. Subparts 8, 9 and 10 are purely speculative. Subpart 11 is not applicable.
Therefore the only provision that is susceptible of any weight is subpart 11,[sic][1] in view of the defendant having no prior criminal record.
However, this consideration is far outweighed by the violent, aggravated manner in which defendant forced the victim to engage in sexual intercourse with him, and thus does not form a valid basis for a probated, or suspended sentence.
The sentence of the Court is that you be placed in the custody of the Louisiana Department of Corrections, at hard labor, for a period of twenty-five (25) years. Sentence to run from date of incarceration.”
As the above reveals, the trial judge considered all of the factors listed in La.C. Cr.P. article 894.1 and stated the considerations weighed. Contrary to the defendant’s allegations, the trial judge did consider mitigating factors, as evidenced by his statement that he had noted the non-existence of a prior criminal record. Thus, these assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error the defendant alleges that the trial court erred in imposing a sentence which, under the circumstances applicable to the defendant, is excessive and an arbitrary infliction of severe punishment resulting in cruel and unusual punishment. State v. Davis, 449 So.2d 452 at 453 and 454 (La.1984), provides as follows:
“A punishment is considered constitutionally excessive if it makes no measurable contribution to acceptable goals of punishsment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Telsee, supra; State v. Sims, 410 So.2d 1082 (La.1982); State v. Beavers, 382 So.2d 943 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). * * * A trial judge is given wide discretion in the imposition of sentences within statutory limits; the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Smith, supra; State v. Washington, 414 So.2d 313 (La.1982).”
The sentence imposed does not appear to be “grossly out of proportion to the severity of the crime” nor to be the “purposeless imposition of pain and suffering”. The trial judge did not abuse his discretion. Therefore, this assignment of error lacks merit.[2]
*826 The conviction and sentence of the district court is hereby affirmed.
AFFIRMED.

. Obviously the trial judge gave great weight to factor number 7 of La.C.Cr.P. Art. 894.1, inasmuch as the defendant had no prior criminal history. Factor number 11 is inapplicable.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shel *826 by, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.