CARTER, Judge.
Carey Nathaniel Morris, Jr. was charged in bill of information no. 4-86-120 with having committed the crime of felony theft, a violation of LSA-R.S. 14:67. Defendant advised the court that he wished to withdraw his former plea of not guilty and enter a plea of guilty as charged. After properly Boykinizing defendant, the trial court accepted defendant’s guilty plea. Defendant was sentenced to ten years imprisonment at hard labor, such sentence to run concurrently with other sentences imposed on separate charges, with credit for time served from arrest date until bonded.
Defendant’s sole assignment of error urges trial court error in imposing an excessive sentence and allegedly failing to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. In brief, defendant contends the trial court failed to place sufficient emphasis on “his present attitude” and that, despite his lengthy prior criminal history, he should not be classified as the “worst kind of offender” who is deserving of a maximum sentence for felony theft.
Defendant misappropriated his deceased father’s D.H. Holmes Company credit card from the home of his mother. His father was also named Carey Morris. Defendant used the credit card on several occasions to purchase items valued at more than $500.00 from Holmes. Defendant was subsequently arrested and identified by a sales clerk employed by Holmes.
Pursuant to LSA-R.S. 14:67, theft of anything valued at $500.00 or more is punishable by imprisonment, with or without hard labor, for not more than ten years and/or a fine of not more than $3,000.00. Defendant was sentenced to imprisonment at hard labor for a term of ten years. No fine was imposed.
It is axiomatic that a trial judge is vested with discretion in the imposition of sentences within the statutory limits and that a sentence will not be set aside as excessive absent a manifest abuse of discretion. A sentence should be considered *1248 excessive only if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Sims, 410 So.2d 1082 (La.1982). Maximum sentences are imposed for the most serious violations of the described offense and for the worst offender. State v. Lanelos, 419 So.2d 475 (La.1982); State v. Buie, 477 So.2d 157 (La.App. 1st Cir.1985).
The record reflects the trial judge ordered a presentence investigation report. Citing defendant’s lengthy criminal record as a juvenile and as an adult, as well as defendant’s third felony offender status, the report recommended that defendant be sentenced to an appropriate term of imprisonment. Defense counsel did not dispute any of the information contained in the presentence investigation report.
The trial judge noted for the record that he had reviewed the presentence investigation report and informed defendant that the report indicated that defendant was actually a third felony offender. The trial judge went through defendant’s rap sheet and read aloud all prior felony convictions. The trial judge noted for the record that he had an agreement with defendant whereby a lenient sentence would be imposed if defendant made restitution to the victims. Defendant admitted that he had not made restitution.
The trial judge stated:
[Y]ou absconded the bond that I let you sign yourself out on ... pending this pre-sentence investigation for the purpose of making this restitution to the victims_ You have given me no indication whatsoever that you intend to even make restitution in this case or that you intend to change your life style or your activities that you have chosen for your life style, and I do find that there is an undue risk during any type of suspended sentence or probation or any type of lenient sentence that you would commit another crime as exhibited by your previous history and your actions since I accepted this plea of guilt from you, and that you are in need of correctional treatment or custodial environment that can best be provided by your commitment to an institution for the amount of time that I intend to give you. Any lesser sentence would depreciate [sic] the seriousness of this crime in light of your previous history.
The presentence investigation report indicates the trial judge agreed to allow defendant’s mother to sign defendant out on bond for the sole purpose of allowing defendant to begin making restitution to the victims. Instead, defendant fled this jurisdiction without notifying the trial judge and was arrested in Texas, never having made any attempt at restitution. Defendant’s past recidivism speaks for itself, as does the fact that he has been unable to satisfactorily complete several probationary periods.
The record more than amply justifies the sentence imposed by the trial court. Thus, we do not find defendant’s sentence excessive.
For the above reasons, defendant’s sentence is affirmed.
AFFIRMED.