CARTER, Judge.
Carey Nathaniel Morris, Jr. was charged by bill of information number 4-86-490 with having committed the crime of felony theft, a violation of LSA-R.S. 14:67. Defendant advised the court that he wished to enter a plea of guilty as charged. After properly Boykinizing defendant, the trial court accepted defendant’s guilty plea. Defendant was sentenced to ten years imprisonment at hard labor, such sentence to run concurrently with any other sentence defendant was then serving or to be imposed, with credit for time served.
Defendant’s sole assignment of error urges trial court error in imposing an excessive sentence and in failing to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. In brief, defendant contends the trial court failed to place sufficient emphasis on “his present attitude” in that, despite his lengthy prior criminal history, He should not be classified as the “worst kind of offender” who is deserving of a maximum sentence for felony theft. Defendant contends that, due to an alleged drug problem at the time of the instant offense and defendant’s willingness to seek professional treatment, the court should have been more lenient in the imposition of sentence.
The presentence investigation report reveals that, on January 30, 1986, Francis Furrate of the security department with City National Bank filed a complaint with the forgery office of the East Baton Rouge Parish Sheriff’s office. Mr. Furrate stated that a man, later identified as defendant, was at the City National Bank branch office located on Perkins Road and was attempting to deposit a check drawn on an American Bank checking account in the name of Jennifer Talbert and to receive a portion of the check in cash. Mr. Furrate stated that the Talbert account had been closed on January 16, 1986, and that since that date there had been nine split deposits made in which City National Bank had suffered a loss of $1,800.00.
Gene Dominique, a City National Bank teller, gave Deputy Lane of the East Baton Rouge Parish Sheriff’s Department the check defendant deposited on January 30, 1986, a deposit receipt, and a Louisiana driver’s license registered to Carey N. Morris, Jr. After discovering that there was an outstanding Baton Rouge City Police. traffic warrant on Carey N. Morris, Jr., defendant herein, Deputy Lane transported defendant to the forgery office of the East Baton Rouge Parish Sheriff’s office and released defendant into the custody of detectives.
Defendant was advised of his Miranda rights and thereafter signed a rights waiver. Defendant stated that he had sold ten Superbowl tickets to a woman, who claimed to be Jennifer Talbert, and that the woman was paying off the cost of the tickets in several installments. Defendant denied knowing Jennifer Talbert prior to selling her the Superbowl tickets.
Lieutenant Chris Schroeder contacted Jennifer Talbert. She admitted having closed a checking account at American *1250 Bank on January 16, 1986. Lt. Schroeder asked Talbert if she had written any checks on the closed account and she stated that she had not. Lt. Schroeder informed Tal-bert that a subject was apprehended while attempting to negotiate one of her checks. Talbert stated that she was missing a book of checks and denied writing any checks on the closed account. She denied knowing anyone named Carey Morris. Talbert agreed to sign a forgery affidavit at the forgery office.
Upon arrival at the forgery office, Tal-bert gave detectives general and specific handwriting samples. Talbert produced Department of Health and Human Resources papers containing her signature. The Health and Human Resources papers disclosed that Talbert and Morris, defendant herein, were living together. Furthermore, a comparison of Talbert’s signatures on those papers, with the writing on the checks in question, revealed a similarity of the handwriting. Talbert was advised of her Miranda rights, but refused to sign a rights waiver stating that she was invoking her right to remain silent until she had an attorney present.
Thereafter, defendant was shown a photo lineup, which contained a picture of Tal-bert. Defendant stated he did not know any of the women in the lineup. After detectives advised defendant that they were aware of the fact that he and Talbert lived together, defendant admitted knowing Talbert. Defendant was asked if Talbert had written the checks in question, but defendant refused to answer any further questions without an attorney present.
Defendant and Talbert were then advised that they were under arrest for nine counts of felony theft. Nine separate American Bank checks drawn on Talbert’s closed account were split-deposited into a City National Bank savings account belonging to Carey and Elvena Morris, defendant’s parents. The endorsement signatures of defendant’s parents had been forged.
Pursuant to LSA-R.S. 14:67, theft of anything valued at $500.00 or more is punishable by imprisonment, with or without hard labor, for not more than ten years and/or a fine of not more than $3,000.00. Defendant was sentenced to imprisonment at hard labor for a term of ten years. No fine was imposed. However, the trial judge recommended evaluation and treatment for drug abuse, if necessary, at the Blue Walters facility.
It is axiomatic that a trial judge is vested with discretion in the imposition of sentences within the statutory limits and that a sentence will not be set aside as excessive absent a manifest abuse of discretion. A sentence should be considered excessive only if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Sims, 410 So.2d 1082 (La.1982). Maximum sentences are imposed for the most serious violations of the described offense and for the worst offender. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Buie, 477 So.2d 157 (La.App. 1st Cir.1985).
The record reflects the trial judge ordered a presentence investigation report. Citing defendant’s lengthy criminal record as a juvenile and as an adult, as well as defendant’s third felony offender status, the report recommended that defendant be sentenced to an appropriate term of imprisonment. Defense counsel did not dispute any of the information contained in the presentence investigation report.
The trial judge noted for the record that he had reviewed the presentence investigation report and informed defendant that the report indicated that defendant was actually a third felony offender. The trial judge went through defendant’s rap sheet and read aloud all prior felony convictions. The trial court considered defendant’s alleged drug problem.
The record reflects that the trial court deferred sentencing until it had an opportunity to study the presentence investigation report. Defendant was released on bond for the sole purpose of allowing defendant to begin making restitution to the victims of another felony theft committed by de *1251 fendant, bill no. 4-86-120.[1] At the time defendant was released on bond, he was notified in open court that he was to report to the Division of Probation and Parole and then to return to court for sentencing on August 15, 1986. On August 15, 1986, defendant failed to appear and a bench warrant was issued for his arrest. On July 8, 1987, defendant was presented before the court to answer to the previously issued bench warrant and was found guilty of contempt of court.
The record reflects that defendant fled this jurisdiction, while out on bond, without notifying the trial judge. Defendant was arrested in Texas, never having made any attempts at restitution. Defendant’s past recidivism speaks for itself, as does the fact that he has been unable to satisfactorily complete several probationary periods.
The record more than amply justifies the sentence imposed by the trial court. Thus, we do not find defendant’s sentence excessive.
For the above reasons, defendant’s sentence is affirmed.
AFFIRMED.

. Defendant appealed the sentence imposed in bill no. 4-86-120 as excessive. We found no merit to his claim. See State v. Morris, 525 So.2d 1247 (La.App. 1st Cir.1988) (decided this date).