I THIBODEAUX, Judge.
The defendant, Joseph Amos, appeals his sentence of twenty (20) years at hard labor for the crime of manslaughter. He was originally charged with second degree murder, but the jury returned a responsive verdict of manslaughter.
The basis of his appeal is that his sentence is unconstitutionally excessive based on its disparity with his co-defendant’s punishment of ten (10) years at hard labor. His position has merit. For the following reasons, we *903 vacate and set aside his sentence and remand to the trial court for resentencing.

\ ¿FACTS

Amos and Lance Guidry, the co-defendant in this matter, were charged originally with second degree murder for the beating and resultant death of Michael Haley after a drug deal went bad. The victim bought two “rocks” of crack cocaine from co-defendant Guidry for $30.00. An altercation erupted with accusations of cheating, and the defendants proceeded to beat the victim to death.
The victim, Michael Haley, died from multiple blunt-head trauma caused by large clots of blood forming inside of and on his brain. When police responded to a March 25, 1995 call, they found the victim lying on the side of the road. He died the following day.
After a successful motion to sever, the defendant elected to go to trial and was convicted of the responsive verdict of manslaughter; he was sentenced to twenty years at hard labor.
Co-defendant Guidry, subsequent to Amos’s trial, pled to an amended charge of manslaughter and received a conditional agreement with a cap of ten (10) years at hard labor. Originally, he was to plea prior to Amos’s trial and provide information to be used against Amos at his trial. This contemplated agreement constitutes the basis for Amos’s objection to his sentence. He contends his co-defendant struck the first blow and, therefore, any attempt to paint him as having more culpability would be inaccurate and, thus, unfair. .
Witnesses at Amos’s trial stated Lance Guidry, the co-defendant, delivered the initial blow to the victim subsequent to the soured drug deal. Thereafter, Amos joined his criminal cohort in the fray, beating and kicking the victim to death. The trial judge also made this observation during the sentencing hearing on Amos.
I ^ASSIGNMENT OF ERROR
Amos assigns the unconstitutional exces-siveness of his sentence as his sole error, basing this contention on the sentence’s disparity with a co-defendant’s sentence, who was convicted of the same crime. According to Amos, the co-defendant’s plea agreement was based, at least in part, upon a determination that Amos was more culpable than his co-defendant.
Amos’s Motion to Reconsider Sentence addresses these points, stating that co-defendant Guidry entered into a plea agreement with the state in which his charge of second-degree murder was amended to a charge of manslaughter with a ten-year cap promised regarding his sentence, all in exchange for his testimony against defendant at his sentencing hearing.
According to defendant’s motion, as well as his sentencing transcript, co-defendant Gui-dry’s plea was entered before another judge of the same judicial district on April 24,1997. Defendant further states that his co-defendant’s judge stated:
And if that person, I guess, combined with the testimqny of anybody else at that hearing convinces me that Joseph Amos was more culpábale [sic ] in the murder of this victim whose name is ... Michael Haley? Then Lance Guidry will not be subjected to a sentence of more than ten (10) years.
Guidry was sentenced to ten (10) years at hard labor on August 21, 1997. Amos was sentenced to twenty (20) years at hard labor on August 11,1997.
At Amos’s sentencing the judge stated:
The victim was attempting to purchase crack cocaine from two defendants, who are now co-defendants, when the deal went bad.
The statements obtained from witnesses and as it unfolded at trial indicated that Mr. Amos’s co-defendant, Lance Guidry, delivered the initial blow to the victim until he fell to the ground, and then, both of them were kicking him while he was on the ground.
^ % s-c * &
[4But at any rate, there was a' beating, there were two people who beat up on another one. And the one who was beaten on ended up dying.
This indicates the sentencing court was’ aware of eo-deferidant Guidry’s culpability. *904 Defendant, however, asserts in his presen-tencing memorandum the following:
After the trial of Joseph Amos, Lance Guidry entered a guilty plea to the crime of Manslaughter. The plea agreement entered into between Lance Guidry and the State of Louisiana included a recommendation of a ten (10) year maximum term of imprisonment, which term could be shortened depending upon Guidry’s testimony against Joseph Amos at sentencing. The Court accepted this recommendation and Guidry was so sentenced.
Prior to trial, the State of Louisiana offered and then withdrew a plea offer of Manslaughter with a recommendation of a maximum sentence. The offer was made on February 11, 1997 and withdrawn shortly thereafter.
Sentencing for Joseph Amos is fixed for August 11,1997.
Counsel senses, from the terms of the Guidry plea agreement and the subpoenas issued by the State of Louisiana for the sentencing hearing, that the State will attempt to show at sentencing that Joseph Amos was solely responsible for the death of Michael Haley and • should receive a harsher penalty than Guidry.
We will strenuously object to any such attempt on the part of the State. Guidry has admitted his guilt and the State has provided the Court with a factual basis for his guilty plea. In addition, the Court heard the testimony at the trial of Joseph Amos. Were the sentences to be imposed grossly disproportionate, a grave injustice would be perpetrated.
Disparity between two sentences is a relevant factor to consider in an excessiveness review involving co-defendants. This is especially true when they are equally culpable, as in this case. “It is a factor that may be considered ... along with all other appropriate considerations, when there is no reasonable basis in the record for the disparity.” State v. Sims, 410 So.2d 1082, 1084 (La.1982).
The record in this ease does not support the disparate treatment of the co-defendants. That co-defendant Guidry pled to a lesser sentence in exchange for \ ¿possible testimony is of no moment because the record demonstrates Amos had been convicted prior to Guidry’s final negotiations, and, thus, it would have been apparent through the development of evidence at trial that Guidry’s testimony relative to comparative culpability would have less efficacy.
Further, Guidry did not testify and the evidence adduced at Amos’s trial indicated Guidry might actually be more culpable. The only actual evidence of culpability indicates the co-defendant was the initial aggressor during the exchange, ultimately precipitating the victim’s death. While this does not mean Amos may not have still been more culpable after the initial blow, no evidence of this has been adduced. In this case, it appears that all other factors are equal, leaving the disparity in the sentences as the only factor left to consider. Thus, reviewing the record and finding only evidence that Amos was not the initial aggressor and no other reasons demonstrated tending to explain the disparity in sentencing, we conclude that the twenty (20) year sentence given to Amos was impermissibly excessive. Amos received twice the sentence of a co-defendant, with no reasons for the disparity being articulated for the record.

CONCLUSION

For the reasons articulated above, we vacate the defendant’s sentence of twenty (20) years at hard labor and remand to the trial court for resentencing in accordance with this decision. The trial court is also instructed to inform the defendant of the three year limit for filing post-conviction relief as required by La.Code Crim.P. art. 980.8.
SENTENCE VACATED AND SET ASIDE; CASE REMANDED TO TRIAL COURT FOR RESENTENCING.
COOKS, J., concurs and assigns reasons.
AMY, J., dissents.