JjDREW, J.
Defendant, Bruce Anthony Thomas, pled guilty as charged to one count of felony theft, a violation of La. R.S. 14:67, punishable by imprisonment for not more than 10 years, or a fine not to exceed $3,000, or both. In exchange for the state’s agreement not to file a multiple offender bill, defendant pled guilty as charged. The court imposed a sentence of eight years at hard labor, to be served consecutively with any other sentence. Defendant’s timely motion for reconsideration of sentence was denied, and he appeals his sentence as excessive. We affirm.
The matters of record show that on October 5, 2002, defendant stole a cash register and $100 in cash, for a total value in excess of $500, from a service station in Bossier City.
When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Constitutional review turns upon whether the sentence is illegal, grossly *1000 disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
Prior to imposing sentence, the court reviewed a PSI report, which provided details of defendant’s social history, including his education and work experience. At the time of sentencing, defendant had pending charges on two counts of theft and one count of simple burglary in Caddo Parish. He was a third-felony offender with prior convictions for four counts of armed robbery in 1990 and for distribution of cocaine in 1996. He had several other arrests for DWI and theft-related offenses, with dismissals [2or without dispositions. The court found that a lesser sentence would deprecate the seriousness of the offense, and that the defendant was in need of correctional custody.
On this record, we do not find constitutional error. Defendant received a substantial benefit from his plea bargain in that the state agreed not to charge him as a third-felony offender.
Defendant claims to have skills in culinary arts and mechanical work, and states he is in good health without any physical disability which would preclude him from earning an honest living without resorting to theft. We note that defendant, age 35 at the time of sentencing, has twice failed to complete parole supervision satisfactorily. There is no excuse for the offense of conviction.
The lawful sentence imposed is within the range permitted under the statute of conviction. The sentence is neither grossly disproportionate to the severity of the offense of conviction nor, considering defendant’s background, is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence which, under the facts and circumstances of the ease, is supported by the record and which is not constitutionally excessive.
The conviction and sentence are AFFIRMED.