# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-703

**STATE OF LOUISIANA**

**VERSUS**

**JOHN D. SKINNER**

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 78081
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Asa A. Skinner**
**District Attorney**
**Post Office Box 1188**
**Leesville, LA   71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Terry W. Lambright**
**118 S. Third Street, Suite A**
**Leesville, LA   71446**
**(337) 239-6557**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **John D. Skinner**

**AMY, Judge.**

The defendant was charged with theft over $500.00, a violation of La.R.S. 14:67. As part of a plea agreement with the State, the defendant pled guilty to theft over $500.00 and, in a separate docket number, an unrelated bail jumping charge.[1] For the theft charge, the trial court imposed a sentence of seven years at hard labor with a fine of $1,500.00, as well as restitution in the amount of $4,898.90. The trial court ordered that the defendant's sentence in this case was to run concurrently with his sentence on the bail jumping charge. The defendant appeals. For the following reasons, we affirm.

### Factual and Procedural Background

The record indicates that the defendant was arrested and charged with theft over $500.00, a violation of La.R.S. 14:67, in connection with the theft of a generator from a nursing home. As part of a plea agreement, the defendant subsequently entered a plea of guilty to the instant charge, as well as an unrelated charge of bail jumping, a violation of La.R.S. 14:110.1, in a separate docket number. In exchange for the defendant's guilty plea, the State dropped several other pending cases, including charges of principal to theft, theft of firearms, and another count of bail jumping. The State also agreed to recommend that the defendant's sentence on the theft charge run concurrently with his sentence on the bail jumping charge, and agreed not to institute habitual offender proceedings.

For the instant charge, the trial court sentenced the defendant to seven years at hard labor, which was to run concurrently with his sentence in the bail jumping case, and a fine of $1,500.00.[2] The trial court also imposed restitution of

---

[1] The defendant has also appealed his sentence for the bail jumping charge. *See State of Louisiana v. John D. Skinner*, 11-704 (La.App. 3 Cir. _/_/12), __ So.3d __.

[2] The trial court imposed a sentence of two years at hard labor and restitution as ordered in this case on the bail jumping charge.

$4,898.90. The defendant subsequently filed a motion for reconsideration of sentence, which was denied without reasons.

The defendant appeals, asserting as his sole assignment of error that "[t]he Trial Court erred in that the sentences imposed [ … ] are constitutionally excessive and imposed without sufficient consideration of Art. 894.1."

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

*Excessiveness of Sentence*

The defendant contends that the sentence imposed by the trial court is unconstitutionally excessive and that the trial court failed to adequately consider the sentencing factors delineated in La.Code Crim.P. art. 894.1.

We first examine the defendant's contention that the trial court failed to adequately consider the sentencing factors prescribed in La.Code Crim.P art. 894.1(C), which requires that the trial court state for the record the considerations taken into account and the factual basis for the sentence imposed. The trial court must adequately consider Article 894.1's guidelines in particularizing a defendant's sentence; however, it need not articulate every aggravating and mitigating factor contained therein. *State v. Smith*, 433 So.2d 688 (La.1983). We note that "[t]he important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation." *State v. Hutcherson*, 34,540, p. 13 (La.App. 2 Cir. 4/4/01), 785 So.2d 140, 148 (citing *State v. Jones*, 398 So.2d 1049 (La.1981)); *State v. Bradford*, 29,519 (La.App. 2

2

Cir. 4/2/97), 691 So.2d 864. Further, the trial court may consider factors not listed in Article 894.1, including whether a plea bargain results in a significant reduction in the defendant's potential sentencing exposure and criminal conduct that did not result in a conviction. *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095.

The record indicates that, at the sentencing hearing, the trial court stated that it "reviewed the [pre-sentence] report and noted the factors under Article 894.1." The trial court considered the defendant's age, family history, education and employment history. Further, the trial court observed that the defendant had a history of drug and alcohol problems, "mostly alcohol," and had attended a treatment program at one point. Noting the defendant's criminal history, the trial court observed that the defendant was considered a third felony offender and was not eligible for probation. Additionally, the trial court stated that there was economic harm to the victim and that there was no substantial justification or excuse for the defendant's actions.

We note that the defendant's sentencing exposure was substantially reduced because, as part of the plea agreement, the State dropped three other pending cases, recommended that the defendant's sentences run concurrently, and agreed not to institute habitual offender proceedings against the defendant. Based on our review of the record, we find that the trial court adequately considered the sentencing factors delineated under Article 894.1.

We now turn to the defendant's contention that his sentence is unconstitutionally excessive. A panel of this court summarized the standard to be used in reviewing excessive sentence claims in *State v. Davenport*, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 563, 565, stating:

3

The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993)[ ( ]quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. "Maximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In making this determination, the appellate court may take into account several factors, including "the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes." *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061. However, the appellate court should remain mindful that the sentence should be particularized to the individual defendant and the particular offense committed. *State v. Wagner*, 07-128 (La.App. 3 Cir. 11/5/08), 996 So.2d 1208.

The defendant was charged with theft over $500, and the record indicates that the defendant acknowledged restitution in the amount of $4,898.90. [3] Accordingly, the appropriate sentencing provision is contained within La.R.S.

---

[3] In reciting the terms of the plea agreement at the defendant's plea hearing, the district attorney stated that it was his understanding that "the State would dismiss bill of information 79,520 and 521, however Mr. Skinner acknowledges these charges for the purpose of restitution. It is my understanding, Your Honor, that the total restitution amount was four thousand eight hundred ninety-eight dollars and ninety cents. Also, my understanding that the co-defendant, who's paid part of that, and insurance he's paid part of it [sic], so if there is any restitution, he's acknowledging it for that purpose." At the same hearing, when questioned by the trial court, the defendant agreed that the State's recitation of the plea agreement was the agreement he had with the State.

14:67(B)(1),[4] which states "[w]hoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both."

For the instant charge, in addition to restitution,[5] the trial court sentenced the defendant to seven years at hard labor and a fine of $1,500.00. We find that there is an adequate basis in the record for this sentence. As previously discussed, at the sentencing hearing, the trial court addressed several of the aggravating and mitigating circumstances laid out in La.Code Crim.P. art. 894.1, including that the crime caused economic harm to the victim. Further, the trial court observed that the defendant had previously been convicted of simple burglary and two counts of theft, aggravated battery and attempted second degree battery. Additionally, the defendant had several misdemeanor convictions. A review of comparable cases indicates that similar sentences have been upheld on appeal. *See State v. Thomas*, 38,218 (La.App. 2 Cir. 3/5/04), 867 So.2d 999; *State v. Madison*, 535 So.2d 1024 (La.App. 2 Cir. 1988); *State v. Morris*, 525 So.2d 1247 (La.App. 2 Cir. 1988). Accordingly, we find that the defendant's sentence for theft over $500, a violation of La.R.S. 14:67, is not unconstitutionally excessive.

The defendant's assignment of error is without merit.

---

[4] We note that, effective August 15, 2010, La.R.S. 14:67 was amended to change the gradation scale governing its applicable penalties. The record indicates that the instant offense occurred on October 25, 2009. Accordingly, we use the version of La.R.S. 14:67 in effect at the time of the offense. *See State v. Narcisse*, 426 So.2d 118 (La.1983), *cert. denied*, 464 U.S. 865, 104 S.Ct. 202 (1983). *See also State v. Oliver*, 03-416 (La.App. 5 Cir. 12/29/09), 30 So.3d 946, *writ denied*, 10-271 (La. 9/17/10), 45 So.3d 1041.

[5] *See* La.Code Crim.P. art. 883.1.

**DECREE**

The defendant's sentence for theft over $500, a violation of La.R.S. 14:67, is affirmed.

**AFFIRMED.**