NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1258


STATE OF LOUISIANA

VERSUS

TINA MARIE WALTERS


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 84,125
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


AFFIRMED.

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**Assistant District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana 71446**
**(337) 239-2008**
**Counsel or Appellee:**
**State of Louisiana**

**Brent A. Hawkins**
**Louisiana Appellate Project**
**Post Office Box 3752**
**Lake Charles, Louisiana 70602**
**(337) 502-5146**
**Counsel for Defendant/Appellant:**
**Tina Marie Walters**

**KEATY, Judge.**

Defendant, Tina Marie Walters, pled guilty to one count of theft in the amount of over $1,500, a violation of La.R.S. 14:67(A). She was sentenced pursuant to La.R.S. 14:67(B)(1) to serve four years at hard labor, with credit for time served, and ordered to pay a fine of $2,500 plus court costs. Defendant filed a Motion to Reconsider Sentence that was denied without a hearing. Defendant now appeals, alleging that the trial court erred in failing to consider that she was eligible for probation, thus making the four-year sentence excessive for this non-violent offender in this case. For the following reasons, we affirm the sentence as imposed.

## DISCUSSION

### *Facts*

The following facts were presented at Defendant's guilty plea hearing:

> In support of the factual basis, State moves to offer, introduce, and file the discovery which basically reflects that on May 17th, 2012, this defendant together with another co-defendant, did enter the Wal-Mart store in the City of Leesville which is in Vernon Parish. While inside the Wal-Mart store there were items that were taken by this defendant which included 16 bottles of cologne, DVD Blue Ray Players, three Xbox games, numerous other electronic devices which totaled $1,824.32, and they did exit the store without making any attempt to purchase these items and with the intent to permanently deprive the owner of those items[.]

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## *Assignment of Error*

Defendant argues that four years at hard labor for a non-violent offender is excessive under the circumstances of the case when she should have received probation. She further argues that the trial court erred when it stated during sentencing that she was not eligible for probation.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne,* 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling,* 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Defendant was convicted of theft in the amount of over $1,500, a violation of La.R.S. 14:67(A). At the time of the theft, La.R.S. 14:67(B)(1) provided for a range of punishment "with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both." She was sentenced to four years at hard labor and fined $2,500 plus court costs. At the sentencing hearing, the trial court noted:

> Okay. All right, in this matter Ms. Walters appeared before this Court on April the 3rd of 2013 and pled guilty to the offense of felony theft. The facts of this case are that on about May the 17th of 2012, Ms. Walters went to Wal-Mart and took numerous items, games, cologne, all totaling a value of $1800. As I stated, she pled guilty. At that time I ordered a pre-sentence investigation to be conducted. That has been

2

conducted. I have received that report and have considered its contents. There was a plea agreement in this case wherein if Ms. Walters pled guilty to the theft charge, the State agreed to dismiss one other charge and not seek any kind of habitual offender proceedings against her. I have considered all of the factors of Code of Criminal Procedure Article 894.1. In this matter there was certainly economic harm to the victim in that the victim lost approximately $1800 worth of items that were taken by this defendant. This defendant did not act under any provocation by the victim or any others. She is 43 years of age. She is not married and has four children, all of which are grown. She has a tenth grade education. And I don't know if you're still working, but was working as a waitress in Lake Charles. I have no information about her having any history of drug or alcohol abuse or drug or alcohol treatment. Ms. Walters does have a prior criminal record and is considered as a third offender classification. In 1995 in Allen, Louisiana, she pled guilty to simple criminal damage to property and theft and was placed on probation at that time. In 2002 in Sulphur, she was convicted of - - she pled guilty to distribution of marijuana and was again placed on probation. She had - - at the time of this report she had a felony theft charge pending in Lake Charles. Is that still pending?

. . . .

Well, personally, Ms. Walters, you are not eligible due to your offender class for probation, and it's not likely that you would respond favorably to probation anyway. Any sentence lesser than the one that I'm going to give you would seriously depreciate the serious nature of your criminal offense.

Defendant argues, however, that La.Code Crim.P. art. 893 provides that she was eligible to receive probation. Louisiana Code of Criminal Procedure Article 893, entitled "Suspension and deferral of sentence and probation in felony cases," provides in pertinent part:

A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a conviction for a crime of violence . . . .

3

B. (1)(a) The court may suspend, in whole or in part, the imposition or execution of the sentence when the following conditions exist:

(i) The sentence is for a third conviction of any of the following:

(aa) A noncapital felony for which a defendant could have his sentence suspended under Paragraph A of this Article had the conviction been for a first or second offense.

(bb) A violation of the Uniform Controlled Dangerous Substances Law.

(cc) A third conviction of operating a vehicle while intoxicated in violation of R.S. 14:98.

(ii) It appears that suspending the sentence is in the best interest of the public and the defendant.

(iii) The district attorney consents to the suspension of the sentence.

(iv) The court orders the defendant to do any of the following:

(aa) Enter and complete a program provided by the drug division of the district court pursuant to R.S. 13:5301, et seq.

(bb) Enter and complete an established DWI court program, as agreed upon by the trial court and the district attorney.

(cc) Reside for a minimum period of one year in a facility which conforms to the Judicial Agency Referral Residential Facility Regulatory Act. R.S. 40:2852.

Defendant relies on Paragraph B(1)(a)(i)(aa) to support her assertion that she was eligible for probation even though she was a third-time felony offender since the conviction for theft would have been eligible as a first or second conviction.

The State counters that:

a simple, full reading of La. C.Cr.P. art. 893 reveals this defendant is not eligible for probation. In order for this defendant, as a third (3rd) offender, to be eligible for probation she would have to meet one of three (3) conditions of (B)(1)(a)(i), **AND** the single condition of (B)(1)(a)(ii), **AND** the single condition of (B)(1)(a)(iii), **AND** one of the three conditions of (B)(1)(a)(iv). See La. C.Cr.P. art. 893.

In brief, the State argues that it "did not and does not agree/consent to a suspended or probated sentence for this defendant." *Id.* We note that at the sentencing hearing there was no discussion regarding probation by either Defendant or the State. Furthermore, there was nothing in the record to indicate that when the trial court made the above statement regarding Defendant not being eligible for probation, it had considered La.Code Crim.P. art. 893. However, the presentence investigation report stated that Defendant was not eligible for probation. Also, pursuant to La.Code Crim.P. art. 893, the trial court's decision to grant probation was discretionary under all of the above listed conditions. Therefore, regardless of whether Defendant was eligible for probation, no error was committed when the trial court did not give Defendant a probated sentence in this case.

We now turn to whether Defendant's sentence is otherwise excessive. "In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts." *State v. Pearson*, 07-332, 07-333, 07-539, pp. 15-16 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656.

While the crime in this case is a non-violent offense and Defendant is technically a third felony offender, she has a lengthy criminal history starting as far back as 1995 involving several arrests for theft, drug possession and distribution, disturbing the peace, disorderly conduct, and criminal conspiracy to commit theft. Furthermore, according to the presentence investigation report, Defendant committed the current offense with two of her adult children.

By way of comparison to similar crimes with similarly situated defendants, we have not found any recent cases specifically addressing the theft of $1,500 or more. However, in *State v. Skinner*, 11-703 (La.App. 3 Cir. 2/1/12), 84 So.3d 760, a case very similar to the current case, this court did not find a five-year sentence[1] excessive for a defendant who pled guilty to theft of more than $500, where the actual amount of the theft was over $4,500.[2] We noted that as a result of the plea agreement, the State dropped three pending cases against the defendant, agreed to not bring habitual offender proceedings against him, and recommended that his sentences run concurrently, thus resulting in a substantial reduction in his sentencing exposure. The record also showed that the defendant had prior convictions for several misdemeanors, along with two counts of theft, simple burglary, aggravated burglary, and second degree battery, and that the trial court adequately considered the sentencing factors found in La.Code Crim.P art. 894.1.

In the current case, the State, in exchange for Defendant's guilty plea, agreed to dismiss one count of conspiracy to commit theft and to not charge Defendant as a habitual offender. Otherwise, Defendant could have received around six years imprisonment and not more than twenty years. La.R.S. 15:529.1(A)(3)(a). Considering Defendant's criminal history, the seriousness of the crime, and considered in light of the above similarly situated offender and offense, the trial court did not abuse its vast discretion when it sentenced Defendant to four years at hard labor. There is no merit to this assignment of error.

---

[1] A two-year sentence for bail jumping was added to the five-year sentence for a total of seven years.

[2] The offense in *Skinner* was committed in 2009. In August 2010, La.R.S. 14:67 was amended to change the gradation scale governing its applicable penalties.

**DECREE**

Defendant's sentence of four years at hard labor for the theft of more than $1,500 is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.