939 So.2d 608 (2006)
STATE of Louisiana, Appellee
v.
Michael Edward DORSEY, Appellant.
No. 41,418-KA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 2006.
*609 Cary J. Ellis, III, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, Lea R. Hall, Jr., Brian H. Barber, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS and PEATROSS, JJ.
GASKINS, J.
The defendant, Michael Edward Dorsey, appeals as excessive his sentence to 45 years at hard labor without benefit of probation or suspension of sentence, following his conviction for aggravated burglary. For the following reasons, the conviction and sentence are affirmed.

FACTS
In the early morning hours of July 25, 2004, 14-year-old L.P. and her 11-year-old sister, B.P., were babysitting three younger cousins at their aunt's residence in the Wilkerson Terrace Apartments.[1] The aunt left L.P. in charge of the group while she went out for the evening. Around 1:00 or 2:00 a.m., the children heard banging on the front door of the apartment. The screen and front door of the apartment were closed, but unlocked. The defendant, known to L.P. and B.P. as "Mike D," entered the apartment.
At the time, L.P. was upstairs listening to music and talking on the telephone. When she went downstairs, the defendant was standing in the apartment telling the youngsters that he liked little children and wanted to perform oral sex on them. L.P. repeatedly told the defendant to leave the apartment and he refused to comply. The *610 defendant pushed L.P. against a corner wall while grabbing and squeezing her breasts. L.P. noted that the defendant smelled of alcohol, his speech was slurred, and he staggered when he walked.
Eventually, L.P. and the children were able to push the defendant out of the apartment through the back door. Unable to reach the aunt or their mother by telephone, the children locked the doors to the apartment and went upstairs to await the return of their aunt. Several hours later, the aunt returned and was told of the incident.
The defendant was staying at his girlfriend's apartment two doors down from the aunt. The aunt went to the apartment and knocked on the door, but received no response. The aunt then reported the incident at the police substation/security office located in the apartment complex. When the police arrived, they located the defendant in his girlfriend's apartment and determined that the defendant was on a list of persons barred from the apartment complex.[2] The defendant was arrested for trespassing, indecent behavior with a juvenile, and unauthorized entry.
After the investigation of the incident was complete, the defendant was charged with aggravated burglary. On June 24, 2005, he was found guilty as charged by a jury. On July 7, 2005, the defendant filed a motion for post verdict judgment of acquittal, arguing that there was insufficient evidence upon which to base his conviction. He claimed that the evidence failed to show that he had specific intent to commit a felony when he entered the apartment.
The defendant was then adjudicated a third felony offender. He had prior felony convictions for distribution of a Schedule I controlled dangerous substance and for unauthorized entry of an inhabited dwelling. The defendant was sentenced on September 2, 2005, to serve 45 years at hard labor, with credit for time served. The defendant filed a motion to reconsider his sentence, claiming that it was excessive and unconstitutional. The motion was denied by the trial court. The defendant appealed his conviction and sentence, claiming that there was insufficient evidence upon which to base his conviction and that the sentence imposed is excessive.

SUFFICIENCY OF THE EVIDENCE
The defendant argues that the state failed to present sufficient evidence to support his conviction for aggravated burglary. He claims that the state failed to show that his entry into the apartment was unauthorized. He argues that one of the children under L.P.'s care could have let him in. He also claims that the evidence is insufficient to prove the specific intent to commit the felony of indecent behavior with a juvenile when he entered the apartment. He argues that any intent to commit this felony was formed after entering the apartment. These arguments are without merit.

Legal Principles
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 *611 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La. 11/14/03), 858 So.2d 422.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Wilhite, 40,539 (La.App.2d Cir.12/30/05), 917 So.2d 1252.
Specific intent is a state of mind and need not be proved as a fact; it may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1982); State v. Wilhite, supra. Specific intent is that state of mind that exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1); State v. Lindsey, 543 So.2d 886 (La.1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990); State v. McCray, 621 So.2d 94 (La.App. 2d Cir.1993). The determination of whether the requisite intent is present in a criminal case is for the trier of fact. State v. Huizar, 414 So.2d 741 (La.1982).
La. R.S. 14:60 states in part:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,

(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place. [Emphasis supplied.]
In the bill of information, the felony alleged by the state was a violation of La. R.S. 14:81, indecent behavior with juveniles. La. R.S. 14:81 states, in pertinent part, indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of 17, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
To find that the defendant committed the underlying felony, it was necessary for the state to prove that (1) there was an age difference of greater than two years between the accused and the victim, who was not yet 17; (2) the accused committed a lewd or lascivious act upon the person or in the presence of any child under the age of 17; and (3) the accused had the specific intent to arouse or gratify either his own or the victim's sexual desires. State v. Sturdivant, 27,680 (La.App.2d Cir.2/28/96), 669 So.2d 654; State v. Bugbee, 34,524 (La.App.2d Cir.2/28/01), 781 So.2d 748.
The word "lewd" means lustful, indecent and signifies that form of immorality which relates to sexual impurity carried on in a wanton manner. The word "lascivious" means tending to incite lust, indecent, *612 obscene and tending to deprave the morals in respect to sexual relations. Further, the word "lewd" is identified with obscenity and community norms for morality. Finding that an act is lewd or lascivious depends upon the time, the place and all of the circumstances surrounding its commission, including the actual or implied intention of the actor. State v. Sturdivant, supra; State v. Bugbee, supra.

Discussion
In the present case, the state was required to prove that the defendant committed the unauthorized entry of an inhabited dwelling with the specific intent to commit the felony of indecent behavior with a juvenile and that the defendant committed a battery upon a person while in such place. The record shows that the state met its burden of establishing sufficient evidence to support the conviction.
The aunt, L.P., and B.P. testified that the defendant was not authorized to enter the apartment during this incident. L.P. and B.P. testified that the defendant was not let into the apartment voluntarily and that he refused to leave when asked to do so. He was pushed out of the apartment by the children.
Regarding the specific intent to commit the felony of indecent behavior with a juvenile, L.P. testified that on an earlier occasion, the defendant had approached her outside the aunt's apartment and told her that he wanted to perform oral sex upon her. Upon entering the apartment, the defendant told all the children his name, that he was 39 years old, and that he wanted to perform oral sex on the children. B.P. armed herself with a knife to defend against the defendant. L.P. encouraged B.P. to put the knife away and told the defendant to leave the apartment.
The defendant then advanced toward L.P., who was 14 years old at the time, and began touching and groping her breasts. As L.P. backed away from the defendant, he shoved her against a wall and continued to grope her breasts. L.P. testified as follows:
So he was all close up on me, and he started touching on my chest. And he was just talking to me, asking me what I be doing tomorrow, and when he got off work he want to come take me out and all this. I was like, you really need to leave.
During the investigation of this incident, L.P. and B.P. gave consistent statements to their aunt, the apartment complex manager, and the police. Their testimony remained consistent at the trial of this matter.
Under the facts of this case, a rational trier of fact could have found beyond a reasonable doubt that the evidence, when viewed in the light most favorable to the prosecution, established that the defendant entered the apartment without authorization and with the specific intent to perform or commit a lewd or lascivious act upon the children in the apartment and that after entering the apartment, he committed a battery on L.P. The defendant's specific intent is evidenced by his sexually suggestive comments made to the young children upon entering the apartment and his prior conversation with L.P. regarding oral sex. Once inside the apartment, he carried out his intent by pushing L.P. against a wall and touching her breasts. The record also shows that the defendant was 39 years old and the victim was 14 years old at the time of the offense. The battery committed on L.P., whereby the defendant groped the child, meets the definition of a lewd or lascivious act. Based upon the facts in the record, a reasonable trier of fact could have found that the evidence, when viewed in the light most favorable to the prosecution, *613 is sufficient to support the conviction for aggravated burglary.

EXCESSIVE SENTENCE
The defendant argues that his sentence to serve 45 years at hard labor, without benefit of probation or suspension of sentence, is excessive. He contends that the sentence is too severe, shocks the sense of justice, and is nothing more than the needless and purposeless imposition of pain and suffering. He urges that, at his age, the sentence is virtually a life sentence. These arguments are without merit.

Legal Principles
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728.
Second, whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.

Discussion
The record shows that the trial court considered the factors for sentencing set forth in La. C. Cr. P. art. 894.1 and fully articulated well-considered reasons for the sentence imposed. The trial court referred to testimony from the defendant's mother and a family friend presented at a sentencing hearing.[3] The court noted that the defendant was raised in a good home, had been employed, and had the support of a family friend who testified on his behalf.
The court noted that the defendant had an extensive criminal history, having been arrested 14 times since 1983.[4] The defendant was convicted in Louisiana of theft in 1983. In 1993, he was convicted of interfering with police officers. In 1995 and 1997, the defendant was arrested for remaining after being forbidden. He was convicted in 1996 for remaining after being forbidden.
*614 In 1998, the defendant had a felony conviction for distribution of a Schedule I controlled dangerous substance. He was sentenced to five years at hard labor, but the sentence was suspended and the defendant was placed on supervised probation for three years. His probation was eventually revoked in 2000.
In 1998, the defendant pled guilty to a reduced charge of unauthorized entry of an inhabited dwelling. The defendant had originally been charged with simple burglary and simple rape arising from an incident in which he entered a home through a window and raped an occupant of the house. The court noted that there was at least one child present in the house at the time of that offense.
The court noted that the defendant was then 40 years old and stated that it was very sad that the present offense involved a 14-year-old child. According to the court, the defendant had shown no remorse for the offense and had been a behavior problem while incarcerated on the present offense.
The court found that there was an undue risk that the defendant would commit another offense and that he was in need of correctional treatment best provided by incarceration. The court found that a lesser sentence than that actually imposed would deprecate the seriousness of the offense.
The court noted that the victim was vulnerable because of her youth and the defendant's actions posed a risk of bodily harm to more than one person. The court considered the emotional damage inflicted on the 14-year-old victim and found that the defendant knew or should have known that his actions would cause such harm. The court stated that there was no strong provocation for this offense and that the victim did not facilitate the offense. The court noted that the defendant was voluntarily intoxicated at the time of the offense.
The record shows that the trial court adequately considered the factors listed in La. C. Cr. P. art. 894.1 in imposing this sentence. Further, the sentence imposed is not excessive. Following adjudication as a third felony offender, the sentencing range for aggravated burglary is not less than 20 years nor more than 60 years at hard labor, without benefit of probation or suspension of sentence. La. R.S. 15:529.1; La. R.S. 14:60. The trial court found that, under the facts presented in this case, a mid-range sentence was appropriate. Accordingly, the court ordered that the defendant serve 45 years at hard labor, without benefit of probation or suspension of sentence.[5]
The sentence imposed for this third felony offender, with previous arrests for a sex offense and burglary, does not shock the sense of justice, is not grossly out of proportion to the seriousness of the offense, and does not needlessly inflict pain and suffering. The defendant had previously received leniency in his prior offenses and continued to commit crimes while on probation and shortly after being released from prison. The sentence in this matter is tailored to both the offender and the offense.

*615 CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Michael Edward Dorsey, for aggravated burglary.
AFFIRMED.
NOTES
[1] In accordance with La. R.S. 46:1844(W), the minor children will be referred to by their initials only.
[2] At the time of the trial, the defendant had married his girlfriend, and she refused to testify, invoking the spousal privilege.
[3] The defendant specifically chose to exclude the transcript of the sentencing hearing from the designation of the record to be considered on appeal.
[4] Apparently the defendant had a criminal record in California. At the time of the sentencing hearing, the state did not have the ability to run interstate rap sheets due the damage caused by Hurricane Katrina. The state and the defendant agreed to ask the court not to consider those matters due to the inability to verify the information.
[5] We note that the trial court did not specify that the sentence was to be imposed without benefit of probation or suspension of sentence. However, La. R.S. 15:301.1 provides that this failure to specifically state that the sentence shall be served without benefits does not affect the statutory requirement that a sentence be served without benefits. The provision is self-activating. State v. Williams, XXXX-XXXX (La. 11/28/01), 800 So.2d 790. Therefore, the sentence is to be served without benefit of probation or suspension of sentence as specified by law.