GASKINS, J.
Following a bench trial, the defendant, Darrell Hollingsworth, was convicted of attempted second degree murder. After being found to be a third felony habitual offender, he was sentenced to 55 years at hard labor without benefit of probation, parole or suspension of sentence. He appeals. We affirm the defendant’s conviction and sentence.
*1184 FACTS
On January 25, 2005, the victim, Tyrone Chambers, sold gasoline to Dwayne Mosley in exchange for crack cocaine. The gas affected the ability of Mosley’s car to operate properly, and Mosley contacted the victim about the problem. Although the victim attempted to remove the gasoline from Mosley’s vehicle several times, Mosley became angry. Mosley, along with the defendant, began beating the victim. At one point, the victim attempted to flee the fight by entering the property of Don Foster. However, Foster refused to allow the victim in his house; his elderly, sick mother was inside and he was concerned about her welfare.
The victim was attacked again. The defendant struck the victim with an object, possibly a stick. The victim heard the defendant say, “Beat the bitch to death.” Foster saw the defendant standing close to the victim with a container. In less than a minute, the victim, who had been doused with gasoline, was on fire. The victim received burns over 80 percent of his body and was hospitalized for more than four months.
The defendant and Mosley were arrested and charged with attempted second degree murder.[1] Following a bench trial, Mosley was acquitted after | ¡.the trial judge found that he had left the scene of the attack before the victim was set on fire. However, the defendant was convicted as charged. His motions for new trial and post verdict judgment of acquittal were denied.
The state filed a habitual offender bill of information against the defendant, asserting that the defendant had two prior convictions for possession of Schedule II controlled dangerous substances. Following a hearing, the trial court adjudicated him to be a third felony offender. As such, he was sentenced to 55 years at hard labor without benefit of probation, parole or suspension of sentence. His motion to reconsider was denied.
The defendant appealed.
SUFFICIENCY OF EVIDENCE

Law

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own ^appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. The reviewing court accords great deference to the judge or jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Morrison, 40,852 (La.App. 2d Cir.4/12/06), 927 So.2d 670.
*1185 The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 1998-2723 (La.2/5/99), 737 So.2d 747.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a requisite factual conclusion. State v. Burd, 40,480 (La.App. 2d Cir.1/27/06), 921 So.2d 219, writ denied, 2006-1083 (La.11/9/06), 941 So.2d 35.
|4In cases involving a defendant’s claim that he was not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Powell, 27,959 (La.App. 2d Cir.4/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520; State v. Youngblood, 41,976 (La.App. 2d Cir.5/9/07), 957 So.2d 305. Positive identification by only one witness may be sufficient to support a defendant’s conviction. State v. Davis, 27,961 (La.App. 2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12; State v. Zeigler, 40,673 (La.App. 2d Cir.1/25/06), 920 So.2d 949.
To sustain a conviction for attempted second degree murder, the state must prove that the defendant intended to kill the victim and committed an overt act tending toward the accomplishment of the victim’s death. State v. Davis, 41,245 (La.App. 2d Cir.8/9/06), 937 So.2d 5. To be guilty of attempted murder, a defendant must have the specific intent to kill; the mere intent to inflict great bodily harm is insufficient to convict a defendant of attempted first or second degree murder. State v. Hailey, 41,897 (La.App. 2d Cir.2/28/07), 953 So.2d 979. Specific intent is that state of mind that exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1); State v. Lindsey, 543 So.2d 886 (La.1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990); State v. Dorsey, 41,418 (La.App. 2d Cir.9/20/06), 939 So.2d 608, writ denied, 2006-2686 (La.6/1/07), 957 So.2d 174.
| RUnder the provisions of La. R.S. 14:24, all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.

Discussion

The defendant argues that the evidence failed to prove that he was guilty of the attempted second degree murder of the victim. He claims that it is unclear from the record whether he was a perpetrator or a good Samaritan trying to help the victim.
As the trial court correctly found, the evidence presented at trial overwhelmingly demonstrated that the defendant was one of the victim’s attackers. The assault occurred after the victim sold bad gasoline to the defendant’s associate, Mosley. A female witness identified both Mosley and the defendant as being among the men beating the victim. She also testified that *1186 during the beating, she heard Mosley yelling at the victim that he had put bad gasoline in Mosley’s car. The victim testified that, before he was beaten into unconsciousness, he heard the defendant say, “Beat the bitch to death.”
Foster, a disinterested witness who lived near the site of the attack, testified at trial that he saw the defendant participate in the attack on the victim. While Foster’s trial testimony was less forceful than his testimony at the preliminary examination,[2] it established the defendant’s role in the | (¡brutal assault on the victim. Foster observed the defendant standing in close proximity to the unconscious victim with a container. (A five-gallon gas can was later recovered at the scene by the police.) Another man whom Foster was unable to identify was standing with the defendant near the victim. Foster heard people saying, “No, no.” He then heard a “whooshing” sound and he saw that the victim was engulfed in flames.
Based upon the direct and circumstantial evidence — which showed that the defendant was standing over the unconscious victim holding a gas can just seconds before the victim was engulfed in flames and mere minutes after the defendant participated in a vicious beating of the victim and declared an intent to kill the man — we find that the state proved beyond a reasonable doubt that the defendant was guilty of the attempted second degree murder of the victim.
This assignment of error is without merit.
SENTENCE
The defendant contends that the trial court erred in denying him the benefit of parole eligibility when it imposed sentence upon him.

Law

A conviction of attempted second degree murder is punishable by imprisonment at hard labor for not less than 10 nor more than 50 years, without benefit of parole, probation or suspension of sentence. La. R.S. 14:30.1(B) and 14:27(D)(1)(a); State v. Small, 37,134 (La.App. 2d Cir.6/27/03), 850 So.2d 1019, writ denied, 2003-2202 (La.1/30/04), 865 So.2d 75.
|7As a third felony offender, the defendant faced a sentencing range of not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction, or 33 to 100 years. See La. R.S. 15:529.1(A)(1)(b)(i).
La. R.S. 15:529.1(G) provides that any sentence imposed under the statute’s multiple offender provision “shall be without benefit of probation or suspension of sentence.” However, the restrictions on parole eligibility imposed on multiple offender sentences under La. R.S. 15:529.1 “are those called for in the reference statute.” State v. Bruins, 407 So.2d 685, 687 (La.1981); State v. Tate, 1999-1483 (La.11/24/99), 747 So.2d 519; State v. Hill, 35,013 (La.App.2d Cir.9/26/01), 796 So.2d 127.
Since the reference statutes provide for the penalty for attempted second degree murder to be served without benefit of parole, probation or suspension of sentence, the trial court correctly denied the defendant the benefit of parole when it sentenced him as a third felony offender.
This assignment of error lacks merit.
*1187 CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Several other men were involved in the attack. At the time of trial, an arrest warrant was still outstanding for another suspect.

. At the preliminary examination, he testified that the container the defendant was holding was a gas can and that he saw the defendant pour gasoline on the victim.