FREDERICKA HOMBERG WICKER, Judge.
12Pefendant appeals his sentence of five years at hard labor for theft of goods valued at more than $500.00 but less than $1,500.00, in violation of La. R.S. 14:67.10, claiming that his sentence is unconstitutionally excessive. We find the sentence imposed is not unconstitutionally excessive and affirm defendant’s conviction and sentence.

PROCEDURAL BACKGROUND

On March 8, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Romanuel A. Davis, *754 with theft of goods valued at more than $500.00 but less than $1,500.00, in violation of La. R.S. 14:67.10. Defendant pled not guilty at his arraignment. Defendant proceeded to trial and on October 29, 2012, a six-person jury found him guilty as charged.[1] On November 2, |s2012, the trial court sentenced defendant to five years imprisonment at hard labor.[2] Defendant filed a written motion for reconsideration of his sentence, which the trial court denied.[3] This timely appeal follows.

FACTUAL BACKGROUND

On February 28, 2012, Justin Gioia, a Wal-Mart Asset Protection associate, noticed defendant with a television (TV) in his basket as he walked through the electronics department of the Marrero store. He noticed defendant consistently look at his surroundings. Mr. Gioia questioned a Wal-Mart associate in the electronics department, who told him that she had not sold the TV to defendant. Mr. Gioia observed defendant walk to another area of the store, where he retrieved a receipt from his wallet. Mr. Gioia then observed defendant walk out of the general merchandise area to the front of the store, passing 36 cashier stations. Mr. Gioia stopped defendant inside the vestibule area of the store[4] and asked to see defendant’s receipt for the merchandise in his shopping basket.[5] Defendant gave Mr. Gi-oia an old, illegible receipt, torn in half.[6]
Mr. Gioia contacted Deputy Jesse Dor-moy of the Jefferson Parish Sheriffs Office, who had been working a private security detail at the Wal-Mart store at the time of the incident. Mr. Gioia told Deputy Dormoy that someone suspected of shoplifting had been stopped at the front of the store. Deputy Dormoy arrived to the vestibule area and defendant willingly walked to the Loss Prevention Office, where Mr. Gioia questioned defendant. After defendant could not provide proof that he had paid for the items in his basket, Deputy Dormoy arrested defendant. A | customer service manager subsequently scanned the items in defendant’s basket to determine the value of the items. The training receipt introduced into evidence reflects the price for the 47-inch television as $788.00 and the price for the wall mount as $114.00.

DISCUSSION

On appeal, defendant challenges only his five-year sentence, claiming that his sentence is unconstitutionally excessive. Defendant further argues that the trial judge failed to adequately consider the factors designated in La.C.Cr.P. art. 894.1 in imposing the five-year maximum sentence under La. R.S. 14:67.10. Defendant argues that he is not the worst-type offender for which maximum sentences are reserved. He asserts that, while he does have a criminal record, his prior convictions are for relatively minor offenses that all stem *755 from his drug addiction. Defendant further points out that he did not resist arrest and in fact -willingly complied with the officers’ investigation. Defendant argues that given this isolated shoplifting incident, the trial court’s imposition of the maximum sentence in this case is unconstitutionally excessive.
Defendant was convicted of theft of goods valued over $500.00 but under $1,500.00, in violation of La. R.S. 14:67.10, and was sentenced to five-years imprisonment at hard labor under La. R.S. 14:67.10(B)(2), which provides:
When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value of one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years or may be fined not more than two thousand dollars, or both.
The trial court sentenced defendant to five years imprisonment at hard labor, but did not impose the discretionary fine. After sentencing, defendant orally moved for reconsideration of his sentence, asserting that the sentence is 1 ¡¡unconstitutionally excessive, and subsequently filed a written motion to reconsider sentence. In his motion to reconsider sentence, defendant claimed only that his sentence is unconstitutionally excessive. Defendant did not claim that the trial judge failed to comply with 894.1 or allege that the offense committed is related to his drug addiction. La.C.Cr.P. art. 881.1(E) provides that “[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.” Because defendant failed to raise these issues in his motion to reconsider sentence, he is precluded from raising these issues on appeal.[7] See State v. Hernandez-Zuniga, 11-378 (La.App. 5 Cir. 12/13/11), 81 So.3d 129, 134, writ denied, 12-0028 (La.4/20/12), 85 So.3d 1268. Therefore, defendant is limited to a bare review of his sentence for constitutional excessiveness. State v. Carter, 07-270 (La.App. 5 Cir. 12/27/07), 976 So.2d 196, 202; State v. Wilkinson, 00-339 (La.App. 5 Cir. 10/18/00), 772 So.2d 758, 771, writ denied, 00-3161 (La.10/12/01), 799 So.2d 494.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Horne, 11-204 (La. App. 5 Cir. 2/14/12), 88 So.3d 562, 569, writ denied, 12-0556 (La.6/1/12), 90 So.3d 437; and State v. Wickem, 99-1261 (La. *756 App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. The trial judge is afforded broad discretion in sentencing and a reviewing court may not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Berry, 08-151 (La.App. 5 Cir. 6/19/08), 989 So.2d 120, 131, writ denied, 08-1660 (La.4/3/09), 6 So.3d 767; and State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656.
In reviewing a sentence for ex-cessiveness, an appellate court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992). On review, an appellate court does not determine whether another sentence might have been more appropriate, but whether the trial court abused its discretion. Pearson, 975 So.2d at 656; Horne, 88 So.3d at 569.
A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2785 (La.5/31/96), 674 So.2d 957. In considering whether the trial court abused its discretion in sentencing a defendant, a reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes by other courts. Horne, 88 So.3d at 569.
Concerning the first factor, the nature of the crime, the record reflects that defendant placed a large TV and a wall-mount bracket in his shopping basket and bypassed all points of sale. He presented an old, invalid receipt to attempt to mislead employees to believe that he had paid for the stolen items. Defendant’s 17actions were calculated and deceptive; the trial court pointed out that defendant provided no explanation for his actions.
Next, regarding the nature and background of the offender, the trial judge considered defendant’s criminal background in imposing his sentence. Prior criminal activity is one of the factors a trial judge may consider in sentencing a defendant. Lobo, 106 So.3d at 1193. During sentencing, the trial judge acknowledged defendant’s prior convictions for second degree battery, domestic abuse battery, possession of marijuana, and theft. Further, defendant also admitted to the court that he had previously been convicted in August of 2011 for possession of cocaine. The trial judge recognized defendant to be a repeat offender and pointed out that defendant committed the current crime while on “double probation.” See State v. Dorsey, 41,418 (La.App. 2 Cir. 9/20/06), 939 So.2d 608, 614, writ denied, 06-2686 (La.6/1/07), 957 So.2d 174 (wherein the Second Circuit Court of Appeal, in reviewing the defendant’s sentence, considered the fact that the defendant had previously received leniency in his prior offenses and continued to commit crimes while on probation).
Finally, considering sentences imposed for similar crimes in this and other courts, we recognize that La. R.S. 14:67.10 has been amended in recent years to decrease the maximum term of imprisonment from ten years to five years.[8] Further, in cases involving theft of goods committed by defendants with a criminal history, the jurisprudence reflects that those defendants have been subsequently adjudicated multiple offenders and sentenced under the Habitual Offender Law. See State v. Caldwell, *757 46,645 (La.App. 2 Cir. 9/21/11), 74 So.3d 248, writ denied, 11-2348 (La.4/27/12), 86 So.3d 625.[9]
Defendant argues that he is similarly situated to the defendant in State v. Hoskins, 10-650 (La.App. 5 Cir. 5/24/11), 66 So.3d 1186. We disagree. We find the facts and circumstances presented in Hos-kins distinguishable from this case. The defendant in Hoskins stole stereo speakers valued at over $500.00 from a school in violation of La. R.S. 14:67; pursuant to a plea agreement, the trial court sentenced the defendant to the maximum term of imprisonment — ten years imprisonment at hard labor. On appeal, this Court found the defendant’s sentence to be unconstitutionally excessive. The defendant in Hos-kins was a teenager with no criminal record at the time of the charged offense. Further, the teenage-defendant had entered into a plea agreement based upon placement into a boot camp program, which never occurred. Although the record in this case reflects that defendant did request placement in a certain drug rehabilitation program, such placement was not a factor he considered prior to entering into a plea agreement as in the Hoskins case.
We find that the five-year sentence imposed in this case is not unconstitutionally excessive. The record reflects that defendant has an extensive criminal history, including convictions for second degree battery, domestic abuse battery, possession of marijuana, possession of cocaine, and theft. The trial judge recognized that defendant had previously received leniency in his prior offenses yet committed this crime while on “double probation.” The trial judge observed the trial in this matter and knew that defendant placed a large TV and a wall-mount bracket into his shopping basket at Wal-Mart, bypassed 36 points of sale in an attempt to exit the store, and deceptively presented an invalid receipt when 19questioned about the stolen merchandise. Given defendant’s extensive criminal history and the facts presented in this case, we cannot find that the trial judge abused her wide discretion in imposing defendant’s five-year sentence under La. R.S. 14:67.10.

ERRORS PATENT

We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
The record reflects no 24-hour delay between sentencing and the trial court’s denial of defendant’s motions for new trial and for post-verdict judgment of acquittal. La.C.Cr.P. art. 873 provides:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
Although Article 873 does not explicitly require a 24-hour delay in sentencing after *758 a motion for a post-verdict judgment of acquittal has been denied, this Court has applied the Article 873 delay to motions for post-verdict judgment of acquittal. State v. Johnson, 11-375 (La.App. 5 Cir. 12/28/11), 83 So.3d 1116, 1124, writ denied, 12-0296 (La.6/22/12), 91 So.3d 966.
 However, Article 873 also provides that a defendant may waive the 24-hour delay. See also State v. James, 527 So.2d 504, 505 (La.App. 5 Cir.1988) (wherein this Court found that the defendant had waived the Article 873 sentencing delay when his counsel affirmatively responded that the defendant was prepared for sentencing); State v. Green, 04-357 (La.App. 5 Cir. 11/16/04), 890 So.2d 6, 12 (wherein this Court found defendant validly waived the delay required by Article 873 when defense counsel agreed that the defendant could be sentenced); and State v. Morton, 12-27 (La.App. 5 Cir. 5/31/12), 97 So.3d 1034, 1045, writ denied, 12-1476 (La.1/18/13), 107 So.3d 625 (wherein this Court found that the defendant waived the sentencing delay required by Article 873 based on the defendant’s affirmative statement that he was prepared for sentencing).
In this case, after the trial court denied defendant’s motions for new trial and for post-verdict judgment of acquittal, defense counsel stated, “[y]our Honor, he is before the Court for sentencing.” We find that defendant expressly waived the 24-hour delay period between the denial of his motions and his sentencing and, thus, no corrective action is necessary.

DECREE

For the foregoing reasons, defendant’s conviction and sentence are affirmed.

AFFIRMED

. Defendant filed a motion for new trial and a motion for post-verdict judgment of acquittal; the trial court denied both motions.

. The trial judge also recommended defendant for participation in the Blue Walters Program or other drug treatment programs available through the Department of Corrections.

. At sentencing, defendant also made an oral motion for reconsideration of his sentence, which the trial court denied.

. The state introduced into evidence a photograph of the vestibule area of the store.

. The state introduced into evidence a photograph of the items contained in defendant's shopping basket, which included a 47-inch television and a wall-mount bracket for the T.V.

. The state did not introduce this receipt into evidence at trial.

. Under La.C.Cr.P. art. 894.1(C), the trial judge is not required to list every aggravating or mitigating circumstance applicable to the defendant as long as the record reflects that the trial judge adequately considered the guidelines of the article. The articulation of the factual basis for the sentence is the goal of the article, not rigid compliance with its provisions. State v. Sanders, 98-855, p. 5 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1279, writ denied, 99-1980 (La. 1/7/00), 752 So.2d 175. However, when there is an adequate factual basis for the sentence contained in the record, the trial court’s failure to articulate every circumstance listed in La.C.Cr.P. art. 894.1 does not require a remand for resentencing. State v. Lobo, 12-271 (La.App. 5 Cir. 12/18/12), 106 So.3d 1187, 1191-92; see also State v. Evans, 09-477 (La.App. 5 Cir. 12/29/09), 30 So.3d 958, 965-66, writ denied, 10-0363 (La.3/25/11), 61 So.3d 653. Our review of the record reflects that the trial judge sufficiently set forth a factual basis for the sentence imposed.

. See Acts 2010, No. 585 § 1.

. In comparing cases involving the theft statute, La. R.S. 14:67, courts have upheld the maximum sentence of ten years imprisonment for theft of property valued at over $500.00. See State v. Madison, 535 So.2d 1024 (La.App. 2 Cir.1988) (wherein the court found that imposing the maximum ten-year sentence was not unconstitutionally excessive given the defendant’s extensive criminal history and failure to respond to previous correctional treatment); and State v. Morris, 525 So.2d 1247, 1248 (La.App. 1 Cir.1988) (wherein the court found that the maximum ten-year sentence was not excessive for the defendant, who had a lengthy criminal record).